UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Remand [28] and Motion for Leave to Amend [31]**

Before the Court are two motions filed by Plaintiff David Khatib ("Khatib"): a motion to remand and a motion for leave to amend the complaint. (Remand Mot., Dkt. No. 28; Amend Mot., Dkt. No. 31.) Defendant Toyota Motor North America ("Toyota") opposed both motions (Remand Opp'n, Dkt. No. 35; Amend Opp'n, Dkt. No. 36) and Khatib responded (Remand Reply, Dkt. No. 37; Amend Reply, Dkt. No. 38). After the Court issued its tentative ruling, Toyota submitted a Request for Hearing which the Court granted. (Dkt. Nos. 40–41.) The Court heard oral argument on August 7, 2023.

For the following reasons, the Court **GRANTS** the motion to amend and **DENIES** the motion to remand.

## I. BACKGROUND

The following contentions are taken from the parties' briefings and Khatib's complaint. Khatib operates a taxi service in the Washington D.C. area. (Remand Mot. at 3.) In 2020, Khatib purchased a 2016 Toyota Sienna from a Virginia dealership, Toyota of Woodbridge to use for his taxi service. On August 8, 2021, Khatib picked up a family in the Sienna and, during the trip, his car suddenly and unexpectedly accelerated, causing the car to crash into a concrete median and flip onto its roof. (Comp'l, Dkt. No. 1-2, Ex. 1 ¶ 16.)

On March 28, 2023, Khatib filed a products liability lawsuit in the Superior Court of the District of Columbia. The complaint named several defendants, including a car

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

dealership, Anakin, LLC dba Ourisman CDJR of Woodbridge. Khatib asserts he mistakenly believed that Anakin was the dealership from which he purchased his Sienna. However, he claims he now knows the correct dealership is NGD, LLC dba Toyota of Woodbridge (NGD, LLC was converted in 2023 from LTD, Inc. dba Lustine Toyota Scion).

Believing Anakin to have been improperly and fraudulently named because it did not exist at the time Khatib purchased his Sienna, Toyota removed the case to federal court and the case was transferred to this MDL pertaining to unintended acceleration in certain Toyota models. Khatib now seeks leave to amend his complaint for the purpose of replacing the incorrect dealership with the correct one and, following this amendment, remand the case to state court for lack of diversity.

## II. Legal Standard

### A. Amendment

The parties dispute which standard applies to Khatib's motion for leave to amend. Typically, courts apply the liberal standard of Rule 15 when requesting leave to amend a pleading. Fed. R. Civ. P. 15(a)(2). However, when the proposed amendment would destroy diversity after removal, courts apply the discretionary standard of 28 U.S.C. § 1447(e). ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

The Court will apply the 15(a) standard in this case. For the reasons set forth below, the Court finds that the party Khatib seeks to add does not destroy complete diversity. Accordingly, the 15(a) standard, rather than the 1447(e) standard, applies.

### B. Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### III. DISCUSSION

The Court will begin by addressing Khatib's motion for leave to amend, followed by the motion to remand, because determination of the latter depends on the former.

    *A.    Motion for Leave to Amend*

Khatib seeks leave to amend his complaint to substitute dealership defendants. (Amend Mot. at 5–6.) Under Rule 15(a), courts "should freely give leave when justice so requires," applying the policy of amendment "liberally." Fed. R. Civ. P. 15(a)(2); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Considering these factors, the Court concludes that the amendment is proper. First, there is no evidence of undue delay. See Foman, 371 U.S. at 182. This case was filed in superior court approximately on March 28, 2023 and Toyota removed it to federal court on May 8, 2023. (See Dkt. No. 1-2, Ex. 1.) The case was conditionally transferred to the MDL on May 22, 2023 and assigned to this Court on June 7, 2023. (See Dkt. Nos. 18, 21.) Khatib filed his motion to remand on June 9, 2023 and his motion for leave to amend on June 16, 2023 following a meet and confer with opposing counsel. (See Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

Nos. 28, 31.)

  Second, the Court finds no evidence of bad faith or dilatory motive in Khatib's seeking to amend his complaint, or his failure to name the proper dealership in his original complaint. See Foman, 371 U.S. at 182. Khatib's counsel attested under the penalty of perjury that Anakin was mistakenly named, Anakin is located next door to Toyota of Woodbridge (the correct dealership), and that automobile dealerships are routinely named in automobile products liability cases.[1] (Kristensen Decl., Dkt. No. 28-1 ¶¶ 4–5.) Toyota contends that Khatib "has not explained why in his initial complaint he failed to name the entity that actually sold him his vehicle and instead sued an entirely unrelated entity, despite this information being in his knowledge and possession." (Amend Opp'n at 8.) Toyota further argues that Khatib's adding a dealership "as a matter of course" and the lack of factual allegations as to the dealership indicate that Khatib's motive is merely to destroy diversity. (Id. at 7–8.) The Court is not persuaded. Naming a dealership in automobile products liability cases is, indeed, a common type of defendant because they exist in the chain of distribution and can therefore be held jointly and severally liable for product defects. See, e.g., Weakley v. Burnham Corp., 871 A.2d 1167, 1177 (D.C. 2005) ("Non-manufacturing sellers in the distribution chain are strictly liable."); Loomis v. Amazon.com LLC, 63 Cal. App. 5th 466, 466 (Cal. Ct. App. 2021) (concluding that entities which are "integral part[s] of the overall . . . enterprise" can be held strictly liable in a products liability suit). As such, the lack of specific factual allegations against the dealership in the "Introduction" and "Statement of Facts" sections does not indicate a bad-faith motive. Furthermore, there is no evidence of dilatory motive. As discussed above, Khatib has been diligent in seeking amendment and remand. Accordingly, the Court finds no bad faith or dilatory motive in this case.

  Third, this is the first amendment requested in this case, weighing in favor of granting the motion. See Foman, 371 U.S. at 182. Fourth, Toyota will not be prejudiced because, as set forth below, permitting amendment does not destroy diversity, leaving the case in Toyota's preferred venue. See id.; Ernst v. ZogSports Holdings, LLC, No. 18-9043, 2019 WL 1423776, at *3 (C.D. Cal. Feb. 26, 2019). Finally, permitting amendment would not be futile. See Foman, 371 U.S. at 182. As noted above, non-

---

  [1]At the hearing, the Court suggested that Anakin was a sham defendant for diversity purposes. Given that Anakin was mistakenly named, and is thus being disregarded for that reason, the Court need not consider the sham defendant issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

manufacturing sellers in the distribution chain may be held strictly liable in product defects cases.  See Weakley, 871 A.2d at 1177; Loomis, 63 Cal. App. 5th at 466.  Should Toyota of Woodbridge wish to contest the sufficiency of the factual allegations against it, it may do so.  However, that issue is not presently before this Court.

For these reasons, the Court **GRANTS** Khatib's motion for leave to amend.

      *B.    Motion to Remand*

Having found that Khatib may amend his complaint to substitute the incorrect automobile dealership for the correct one, the Court now examines whether such amendment would destroy complete diversity and require remand.  The Court finds it does not.

Federal courts must have jurisdiction over every case they hear, including those coming before a court in a multi-district litigation.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction, the court cannot proceed at all in any cause") (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)).  Because there are no federal causes of action in this case, the Court may only obtain jurisdiction if there is complete diversity and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(c).  It is undisputed that Khatib is a Virginia resident.  (See Comp'l ¶ 4.)  Thus, if the party to be named is not a citizen of Virginia, then diversity is not destroyed and the Court maintains jurisdiction.

Khatib seeks to add NGL, LLC, dba Toyota of Woodbridge.  Normally, the citizenship of a corporation is both the place of incorporation and its principle place of business.  See 28 U.S.C. § 1332(c)(1).  However, an LLC, or limited liability company, is "treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."  TPS Utilicom Srvs., Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)).  Under the rules for partnerships, the citizenship of each member of the partnership must be considered."  Id.  (collecting cases).  NGD, LLC is composed of one member trust, Burton M. Lustine Inter Vivos Trust.  (Declaration of Steven Noble ("Noble Decl."), Dkt. No. 40-1 ¶ 6.)  The trust has two trustees, one of whom is a citizen of Maryland and the other a citizen of Illinois.  (Id. ¶ 7.)  Because a "trust has the citizenship of its . . . trustees," NGD LLC is deemed to be a citizen of both Maryland and Illinois.  Johnson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00943-JVS (Ex) | Date | August 11, 2023 |
| Title | David Khatib v. Toyota Motor North America, Inc. et al | | |

Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Accordingly, there is complete diversity among the parties, leaving federal jurisdiction intact.

The Court therefore **DENIES** Khatib's motion to remand.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to amend and **DENIES** the motion to remand.

**IT IS SO ORDERED.**